IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL E. TRIGG, M.D. | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO.  14-6063 |
| MERCK SHARP & DOHME CORP. | : | |
| | : | |
| | : | |

MEMORANDUM

KEARNEY, J.                                                          MAY 1, 2015

An age discrimination claim requires that an employer take an adverse employment action against a qualified employee at least forty (40) years old under circumstances giving rise to an inference of discrimination.  An issue arises, as in this case, when the employer does not "replace" the qualified employee with a sufficiently younger employee. We then look to the employer's treatment of younger employees, or comparators, in similar situations to determine if the facts surrounding the plaintiff's termination lead to an inference of discrimination against him due to age.  As shown, this analysis is often fact sensitive.  Here, specific facts alleged in the Amended Complaint preclude dismissal at this preliminary stage.   We deny Defendant's motion to dismiss in the accompanying Order.

I.       Facts alleged in Amended Complaint

Defendant Merck Sharpe & Dohme Corp. ("MSD") employed Plaintiff Michael Trigg, M.D. ("Trigg") as an Executive Medical Director and Regional Medical Director-Oncology from 2005 until terminating him in September 2013 at the age of 64. (Am. Compl. at ¶¶9-12)

MSD terminated Trigg based on a May 31, 2013 presentation to internal employees of MSD regarding an upcoming oncology meeting. (¶13)  Following the presentation, MSD's Associate Vice President of Oncology told Trigg that he violated corporate policy by "deviating from his script" during his presentation. (¶14)  Although he believed he acted in accordance with MSD policy, Trigg apologized to MSD management and offered an explanation for the manner of his presentation. (¶16)  In July 2013, Trigg met with MSD's Human Resources department to further discuss his May 31, 2013 presentation and MSD "intimated" to Trigg there would be "little or no discipline" with respect to his conduct, and assured him the conduct was considered "at worst" a "minor infraction." (¶17)

After the May 31, 2013 presentation, Trigg continued to perform all of the functions and duties of his position without restriction. (¶¶18-19)  By the end of summer 2013, Trigg had no indication from anyone in MSD's management or Human Resources that he would receive any reprimand for the May 31, 2013 presentation. (¶20)  On September 11, 2013, MSD's "manager" terminated Trigg for violating MSD policy at the May 31, 2013 presentation. (¶21)  Trigg alleges that MSD's reason for termination is a pretext for age based discrimination. (¶22) Trigg does not allege that MSD replaced him with a person sufficiently younger to support an inference of discriminatory animus.

## II.    Analysis

Trigg alleges age based discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. §951 *et seq.*[1] ADEA prohibits employers from discriminating against individuals in hiring, discharge, compensation, terms, conditions or privileges of employment on

---

[1] The same legal analysis and standards are applicable to both ADEA and PHRA claims, and courts address such claims collectively. *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 466 n.1 (3d Cir. 2005) (citing *Glanzman v. Metropolitan Management Corp.*, 391 F.3d 506, 509 n.2 (3d Cir. 2004)).

2

the basis of age. 29 U.S.C. §623(a)(1). To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must show (1) he is forty years of age or older; (2) defendant took an adverse employment action against him; (3) he was qualified for the position in question; and, (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Vasbinder v. Sec'y Dep't of Veterans Affairs*, 487 F. App'x 746, 749-50 (3d Cir. 2012) (citing *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009)).[2]

MSD concedes that Trigg satisfies the first, second and third elements of his *prima facie* case: Trigg was 64 years old in 2013, he held the position of Executive Medical Director and Regional Medical Director-Oncology for MSD since 2005 and received awards for excellent performance and bonuses during his tenure, and he was terminated. (¶¶9, 10, 12)

MSD argues that Trigg did not establish the fourth element, taking issue with the alleged "similarly situated" employees and the offenses they allegedly committed for which they were not terminated. (¶¶23-29)

Trigg alleges two circumstances where younger, similarly situated employees were treated more favorably than he giving rise to an inference of discrimination:

---

[2] The Court of Appeals alternatively refers to the fourth element as requiring a showing that plaintiff was "ultimately replaced by another employee who was sufficiently younger to support an inference of discrimination animus." *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013) (citing *Smith*, 589 F.3d at 689). In recent non-precedential decisions issued under Rule 5.7 of its Internal Operating Procedures, the Court of Appeals has reiterated the fourth element as requiring "replacement." *See, e.g., Evanoski v. United Parcel Service, Inc.*, 571 F.App'x 92, 95 (3d Cir. 2014); *Kamenov v. Highwood USA*, 531 F.App'x 253, 255 (3d Cir. 2013). Other recent opinions, however, refer to the fourth element as requiring a showing that "that the adverse employment action occurred under circumstances giving rise to an inference of discrimination." *See Vasbinder*, 487 F.App'x at 749 (citing *Smith*, 589 F.3d at 689 and *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 356–57 (3d Cir.1999)) and *Edgerton v. Wilkes-Barre Home Care Services, LLC*, No. 14-1313, 2015 WL 395210 (3d Cir. Jan. 30, 2015). In *Edgerton*, the "replacement" element was framed as a basis to establish that the adverse action occurred under circumstances giving rise to an inference of age discrimination. *Edgarton* at *1 n.4 (citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir.2004) and *Torre v. Casio, Inc.*, 42 F.3d 825, 830–31 (3d Cir.1994)). We read the case authority from our Court of Appeals to apply a flexible approach to the requirements of a *prima facie* case. *See Pivirotto*, 191 F.3d at 356-57; *see also Johnson v. Del.Co. Juvenile Detention Center*, No. 11-1166, 2012 WL 895507, *5-*6 (E.D. Pa. Mar. 16, 2012).

(1) **MSD failed to afford Trigg "progressive discipline":** Trigg was summarily discharged instead of being offered a "lesser form of discipline" established by MSD's protocol of progressive discipline.  Trigg alleges that on prior occasions, substantially younger similarly situated employees were issued progressive discipline for committing similar or greater transgressions of MSD's policies, but were not summarily discharged, and alleges that two similarly situated younger Regional Medical Directors were given progressive discipline for their disregard of policies and procedures.  (¶¶23-25)

(2) **MSD denied Trigg the opportunity to participate in its severance policy:** Trigg was denied the opportunity to participate in MSD's severance policy at the time of his dismissal, and points to two younger members of MSD's "Saphris Team" who were offered standard severance packages when they were dismissed for allegedly violating MSD's off-label promotion policies. (¶¶26-27)  Trigg alleges that MSD's failure to offer him severance was a product of its motive to terminate him because of age. (¶28)

The Court finds that these allegations contain sufficient factual matter, accepted as true for purposes of the motion to dismiss, to "state a claim to relief that is plausible on its face" under the standards of *Iqbal* and *Twombly*.[3]  MSD's argument that the alleged similarly situated younger employees are not actually similarly situated and are not proper comparators (the two Regional Medical Directors who were afforded progressive discipline rather than summary discharge and "Saphris Team" members who were given severance at termination) is a fact based argument more properly reserved for summary judgment or trial. At this juncture, Trigg need not identify the two Regional Medical Directors and "where they fit into the organizational structure."  Rule 8(a)(2) requires a plaintiff to include a "short and plain statement of the claim showing that the pleader is entitled to relief," and must aver sufficient facts to "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 678-80.  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

We find MSD's remaining arguments to be without merit at this stage. On its progressive discipline argument, we find, as set forth above, that the Amended Complaint puts MSD on notice. We decline MSD's request that we convert its motion to dismiss to a motion for summary judgment by considering the Affidavit, Merck's Human Resources policy, and Separation Benefits Plan submitted with its motion. Similarly, MSD's argument that Trigg was an at-will employee and not entitled to "progressive discipline" is an issue of fact not appropriate at this juncture. Trigg alleges MSD summarily discharged him for violating company policy without the benefit of a lesser form of discipline while MSD afforded progressive discipline to two younger Regional Medical Directors who also committed similar or greater offenses and were not summarily discharged. This allegation supports the inference, at least at the pleading stage, that MSD treated Trigg differently than younger Regional Medical Directors.

We find the Amended Complaint should not be dismissed for failure to exhaust administrative remedies under ERISA[4] or due to ERISA preemption or that Trigg was not entitled to severance under the terms of the Separation Benefits Plan. We do not read Trigg's Amended Complaint to include a claim for severance benefits under ERISA,[5] and find inapplicable MSD's exhaustion and preemption arguments. We read Trigg's allegations relating to denial of severance as supporting his claim that younger members of the "Saphris Team" were offered severance packages when terminated. (¶¶26-28) It may well be that Trigg was not

---

[4] Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*

[5] If, in the later stages of the action, Trigg asserts a claim for severance benefits under an ERISA plan, MSD may raise any and all affirmative defenses to such a claim, including failure to exhaust administrative remedies under the applicable plan. *See, e.g., Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002).

eligible for Merck's severance plan, but that fact goes to MSD's burden of production, under *McDonnell Douglas*, to articulate a legitimate non-discriminatory reason for its adverse employment action. *Smith*, 589 F.3d at 691 (citing *McDonnell Douglas*, 411 U.S. at 802). MSD's arguments are more properly made at the summary judgment stage or trial. The Court declines to dismiss Trigg's ADEA and PHRA claims before the parties fully develop the factual record.

**III.    Conclusion**

Fact questions surrounding MSD's alleged disparate treatment of Trigg as compared to similarly situated younger employees preclude dismissal at this preliminary stage. We deny MSD's motion to dismiss in the accompanying Order.

6